```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 915
PENSION FUND, ET AL.,

            Plaintiffs,

v.                                  Case No. 8:14-cv-627-T-33AEP

DALE C. ROSSMAN, INC.,

            Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Plaintiffs' Notice of Voluntary Dismissal Subject to Right to Reopen Case in the Event of Default (Doc. # 4), which was filed on April 16, 2014. The Court dismisses the case without prejudice as outlined below.

**Discussion**

Plaintiffs filed this ERISA action on March 13, 2014, and Defendant has not yet responded to the Complaint. On April 16, 2014, Plaintiffs filed a Notice of Voluntary Dismissal Under Rule 41(a)(1) of the Federal Rules of Civil Procedure indicating that "the parties have agreed to settle their dispute and have entered into a Settlement Agreement." (Doc. # 4 at 1). However, the Notice of Voluntary Dismissal also contains a purported reservation of Plaintiffs' "right to reopen [the] case in the event of default" as well as the

statement that "Plaintiffs are authorized to reopen this case and apply for a judgment based upon the Settlement Agreement." (Id.).

"Compromises of disputed claims are favored by the courts," Williams v. First Nat'l Bank, 216 U.S. 582, 595 (1910), and it is "the policy of the law generally to encourage settlements." Fla. Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960). However, the Court is under no obligation to retain jurisdiction over a settled case, and the Court declines to do so here. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994):

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement do not suffice to make them a part of his order.

Id. at 381.

The Court encourages the compromise of disputes, such as the case of the present settlement, but notes that it does not approve that portion of the Notice of Voluntary Dismissal which extends the Court's jurisdiction with a purported reservation of Plaintiffs' right to reopen this settled case

upon a future contingency. The Court dismisses the case without prejudice based on Plaintiffs' representation that the parties have entered into a Settlement Agreement and directs that the case be closed. In the event that Defendant fails to comply with the terms of the Settlement Agreement, any enforcement action will be left for resolution by the state courts because enforcement of a privately negotiated settlement agreement (which is merely a contract between the parties) requires an independent basis for federal jurisdiction. <u>Id.</u> at 382.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This case is dismissed without prejudice. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of April, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record